(116 So. 902)

### HARBIN v. HOGUE.   (6 Div. 247.)

Court of Appeals of Alabama.   Dec. 13, 1927.

Rehearing Denied March 20, 1928.

M. B. Grace, of Birmingham, for appellant.

Fred Fite, of Birmingham, for appellee.

RICE, J.   By the act creating the municipal court of Birmingham it is provided that "after five days from the rendition of a judgment in any cause the said judgment shall be beyond the jurisdiction and out of the power of the court the same as if the term of the court ended on said fifth day after the rendition of said judgment." Local Acts Ala. 1915, pp. 231, 235, § 13. And also that said court "shall have the power to set aside, vacate or modify its judgments in civil cases upon motion made within five days after the rendition of same, which said motion must be promptly determined." Id. p. 238, § 27.

In this case a suit brought by appellant against appellee in the municipal court of Birmingham had been "dismissed for want of prosecution." Within five days of the date of such dismissal she filed her motion to reinstate the cause, but no order was made on such motion until more than five days had elapsed both from the date of dismissal and from the date of filing the said motion. There seems to us no question but that, by failing, to make an order granting, denying, or continuing to a day certain, appellant's said motion, within five days from the date of the rendition of the judgment dismissing the cause, the municipal court of Birmingham lost all jurisdiction over the case.

Consequently all its proceedings after the expiration of five days from the date of its judgment of dismissal of the cause were void. Appellee, waiving nothing as he did, was entitled to have the appeal dismissed upon his motion in the circuit court. And the judgment of that court dismissing the appeal is here affirmed.

Affirmed.

**390**

## On Rehearing.

On original consideration of this cause, without reference to later statutes, we construed section 27 of the Municipal Court Act (Local Acts 1915, pp. 231, 238) as depriving the municipal court of all control of its judgments after five days from their rendition. On rehearing our attention has been called to later section 18 of the Act approved September 23, 1919 (General Acts 1919, p. 457), which reads as follows:

"Such courts shall have control of judgments rendered by them for a period of five days from the rendition thereof for the purpose of granting new trials upon proper and legal showing therefor."

Thus, in so many words, the control of an inferior court over its judgments is limited to five days. Since section 18 of the act of 1919 superseded section 27 of the local act of 1915, a decision on the effect of said section 27 is rendered moot. The action of the circuit court in dismissing the appeal from the municipal court was in full accord with the act of 1919 (section 18).

As showing the applicability of the 1919 act, we note that the general act of 1915 (page 825) undertook to regulate all inferior courts in counties of the class to which the municipal court of Birmingham belongs, and by section 16 expressly repealed all laws or parts of laws, general, special, or local, in conflict with its provisions. The act of 1919 in turn amended the general act of 1915, thus superseding the local act of 1915, where any conflict appears.

This court has thought it wise to restore this case to the rehearing docket, for the purpose of giving consideration to section 18 of the act of 1919, above, which was not called to our attention on the original submission.

The rehearing is denied.