(116 So. 903)

### Mrs. D. P. HARBIN v. A. C. HOGUE.
### (6 Div. 144.)

Supreme Court of Alabama. May 10, 1928.

Certiorari to Court of Appeals.

M. B. Grace, of Birmingham, for petitioner. Fred Fite, of Birmingham, opposed.

PER CURIAM. Petition of Mrs. D. P. Harbin for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Harbin v. Hogue, 116 So. 902.

Writ denied.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BROWN, JJ., concur.

---

(117 So. 46)

### LINCOLN RESERVE LIFE INS. CO. v. ARMES. (6 Div. 1.)

Supreme Court of Alabama. May 10, 1928.

1. **Bailment** ⬅12—Gratuitous bailee owes only slight care to protect goods and is liable only for loss or destruction from gross negligence or misconduct.

A gratuitous bailee owes only a slight degree of care to preserve or protect goods of the bailor and is liable only for gross negligence or misconduct resulting in loss or destruction of same.

2. **Bailment** ⬅16—Rule as to gratuitous bailee being liable only for gross negligence or misconduct causing loss or destruction does not relieve bailee from being answerable for conversion.

Rule as to a gratuitous bailee being liable only for gross negligence or misconduct causing loss or destruction of goods does not relieve bailee from being answerable for conversion of such goods.

3. **Bailment** ⬅16—Gratuitous bailee of books held liable for conversion, whether or not bailee held books for reward.

Gratuitous bailee of certain books *held* liable for conversion of the same on disposal thereof, whether or not bailee held the books for a reward.

4. **Appeal and error** ⬅1004(1)—That judgment was less than maximum and greater than minimum proved did not necessarily authorize Supreme Court to disturb same.

That a judgment in an action for conversion was less than the maximum and greater than the minimum amount of damages proved did not necessarily authorize the Supreme Court to disturb the same.

Sayre, J., dissenting.

Appeal from Circuit Court, Jefferson County; W. M. Woodall, Special Judge.

Action for conversion by Ethel Armes against the Lincoln Reserve Life Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

W. B. Harrison and Thos. J. Judge, both of Birmingham, for appellant.

Lange, Simpson & Brantley, of Birmingham, for appellee.

For briefs, see Lincoln Reserve Life Ins. Co. v. Armes, 215 Ala. 408, 110 So. 818.

ANDERSON, C. J. This is the second appeal in this case, and the facts are substantially the same and many of the insistences as to error are identical. Lincoln Co. v. Armes, 215 Ala. 407, 110 So. 818.

[1-3] There can be no doubt as to the soundness of the argument that a gratuitous bailee, a mandatary, owes only a slight degree of care to preserve or protect the goods of the bailor and is only liable for gross negligence or misconduct resulting in the loss or destruction of same. But this rule does not exonerate or relieve such a bailee from being answerable for the conversion of said goods, and there was evidence from which the trial court, sitting as a jury, could have well inferred that the defendant converted the plaintiff's books. There was evidence from which the trial court could infer that the defendant's president consented that the plaintiff's brother would have 30 days within which to remove the books, and which was an implied consent for them to remain in the building for that length of time, and that they were converted within said 30 days, and if this was true, a question for the trial court, there was a conversion for which the defendant was liable whether it held the books for reward or not.

The insistences as to error in the rulings upon the evidence were held to be without sufficient merit to reverse the cause upon the former appeal, and we adhere to said ruling.

[4] There was ample evidence to support the amount of the judgment as rendered by the trial court, and simply because it was less than the maximum and greater than the minimum amount of damages proved does not necessarily authorize this court to disturb same.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, BOULDIN, and BROWN, JJ., concur.

SAYRE, J., dissents.

GARDNER, J., not sitting.